# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES P. SCANLAN<br>214 Southwind Dr.<br>Doylestown, PA 18901<br><br>*Plaintiff*<br><br>-vs.-<br><br>AMERICAN AIRLINES GROUP INC. and<br>AMERICAN AIRLINES INC.<br>4333 Amon Carter Blvd.<br>Fort Worth, TX 76155<br><br>*Defendant* | Case: 1:22–mc–00097<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 10/11/2022<br>Description: Misc.<br><br>Civil Action No. _____<br><br>**MOTION TO COMPEL<br>COMPLIANCE WITH SUBPOENA** |

The plaintiff and class representatives in *Scanlan v. American Airlines Group, Inc.,* 18-4040 (E.D. Pa.), bring this motion against the United States Department of Homeland Security ("DHS") to compel compliance with a subpoena duces tecum issued under Federal Rule of Civil Procedure 45. The *Scanlan* complaint alleges that Defendants American Airlines Group, Inc. ("AAG") and American Airlines, Inc. ("American Airlines") violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") § 416(b)(1) by failing to provide paid leave when plaintiff took military leave to perform short-term military service as part of his duty as a reservist—despite providing paid leave to employees who took other, comparable forms of leave – and breaching the terms of the profit sharing plan. Downes Decl. Ex. A at ¶¶ 74-101.

As a remedy, the Complaint seeks differential pay for the certified class of American Airlines pilots: the difference between reservist pilots' military pay and their pay at American Airlines. *Id*. at ¶ 6. As a result, Judge Harvey Bartle III the Eastern District of Pennsylvania authorized and the court issued a subpoena to DHS to obtain records of both the precise dates on

1

which members of the Class performed military service for the United States Coast Guard and the amounts members of the Class were paid for those dates of military service. DHS has not responded to this subpoena or to repeated attempts to contact counsel for DHS. As a result of DHS's failure to produce documents responsive to the subpoena (or make any objections), Mr. Scanlan moves this Court to compel compliance with the subpoena.

## BACKGROUND

Under federal law, a subpoena can only issue to a federal agency for the information Plaintiff seeks with court approval. 5 U.S.C. § 552a(b)(11); 32 C.F.R. § 516.46(b)(1). Plaintiff filed a motion, which Defendants did not oppose, asking the district court presiding over his lawsuit for permission to serve the subpoena at issue in this motion. Downes Decl. Ex. B at ¶ 1. The district court found good cause to issue the subpoena and granted the motion. *Id*. at ¶ 2. The Eastern District of Pennsylvania has approved similar subpoenas to the United States Department of Defense ("DOD") in this case for data from the other branches of the United States military and the DOD is in the process of complying and producing documents. Downes Decl. ¶ 4. But Class Counsel was advised by counsel for DOD that DHS has sole custody of pay data for Class members who serve in or have served in the United States Coast Guard. *Id*.

The Clerk of Court for the United States District Court for the Eastern District of Pennsylvania issued the subpoena on July 20, 2022, with a return date of August 17, 2022. Downes Decl. ¶ 3. Mr. Scanlan served the subpoena the same day the court issued it, along with a copy of the operative complaint, the protective order entered by the district court, and a cover letter explaining the context for the subpoena and its relevance to the litigation. Downes Decl. ¶ 5 & Ex. D. The subpoena included three requests for documents. The first sought for each member of the Class "ELECTRONIC DATA sufficient to show the branch or branches of the

2

military in which the individual served during the RELEVANT TIME PERIOD." Downes Decl. Ex. C at Ex. A-1. This would require DHS to identify members of the CLASS (identified by name and social security number in class data provided to DHS with the subpoena) who served in the United States Coast Guard. Second, it sought for each member of the Class "ELECTRONIC DATA sufficient to show the begin date and end date for each period of military duty during the RELEVANT TIME PERIOD." *Id*. To make sure the request was clear, it provided an example of what was sought: "By way of example, if a reservist attended two-day drills the first weekend of every month in 2019, the response should identify Jan. 5-6, 2019, Feb. 2-3, 2019, March 2-3, 2019, etc." *Id.* The third request sought electronic data sufficient to show "the amount of compensation paid by the military for that period of military duty" for any period identified in response to the first request. *Id.*

DHS has not responded to the subpoena. Downes Decl. at ¶ 6. Class Counsel followed up with DHS by email on September 27, 2022, but received no response. *Id*. at ¶ 7. Class Counsel has unsuccessfully attempted to contact counsel for DHS by telephone. *Id*. To date, DHS has failed to respond to the subpoena or to the inquiries of Class Counsel, and has not served any objections or produced any documents in response to the subpoena. *Id*. at ¶ 6.

## ARGUMENT

The Federal Rules of Civil Procedure permit the party serving a subpoena to move to compel when the recipient fails to comply. Fed. R. Civ. P. 37, 45(d)(2)(B)(i). In this case DHS has not responded or objected to the requests in the subpoena. Downes Decl. at ¶ 6. The district court presiding over the case already has determined that there was good cause for it to issue the subpoena. Downes Decl. Ex. B at 2. DHS has simply failed to produce responsive documents.

The discovery sought is relevant and proportional. Plaintiff seeks only that DHS identify members of the coast guard who are members of the Class, produce records of dates of Class members' military duty for the United States Coast Guard, and their pay for those dates of military duty. Downes Decl. Ex. C at Ex. A-1. This limited discovery is directly relevant to the claims of Plaintiff and the Class under Count III of the operative complaint, for which Mr. Scanlan seeks the remedy of differential pay. Responding will not impose an undue burden on DHS. The subpoena was clear about what was requested and, as described above, included an example of the information sought to avoid any doubt. DHS has also had sufficient time to comply, as the original return date was August 17, 2022, 55 days prior to the filing of this motion. DHS failed to timely object (its objections were due August 3, 2022, Fed. R. Civ. P. 45(d)(2)(B)) and has thus waived any objections to the subpoena. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 196 F.R.D. 1, 3 (D.D.C. 2000) (declining to consider untimely objections with exception of witness's Fifth Amendment claims). Therefore, DHS should be ordered to comply with the subpoena within 30 days of the Court's order. That will provide adequate time for DHS to search for, collect, and produce the data sought by the subpoena and for counsel to confer as necessary regarding any ESI or compliance issues that arise (in addition to the ample time DHS has already had to comply).

Alternatively, the Court should promptly transfer this motion to the Eastern District of Pennsylvania, which is "in a better position to rule on the motion due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Honeywell Int'l Inc. v. L. Offs. of Peter T. Nicholl*, No. MC 21-151(CKK), 2022 WL 43494, at *2 (D.D.C. Jan. 5, 2022) (transferring subpoena to forum of underlying action) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 306 F.Supp.3d 372,

4

375 (D.D.C. 2017) (insertion in original). Courts of this District consider three issues in deciding whether to transfer subpoena enforcement motions: "(1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel." *Honeywell*, 2022 WL 43494, at *3. All three factors support transfer here.

*First*, this subpoena (and the parallel subpoenas to DOD) are the only incomplete fact discovery in the underlying case. The discovery deadline otherwise expired on March 31, 2022. Downes Decl. ¶ 8; *see* Downes Decl. Ex. B at ¶ 5 (granting limited extension of fact discovery deadline solely for purposes of issuing and serving subpoena to DHS). Declining to transfer would risk disrupting the discovery timeline in the underlying case, which has already proceeded to summary judgment on all issues not related to the DHS and DOD data and requires the Department's subpoena compliance in order for expert discovery to conclude and for the case to proceed to trial. Downes Decl. ¶ 8. Courts of this district transfer cases in similar circumstances. *Honeywell*, 2022 WL 43494, at *3; *Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016) (transfer "is appropriate where [it] would avoid interference with a time-sensitive discovery schedule issued in the underlying action"); *Google, Inc. v. Digital Citizens Alliance*, Misc. Action No. 15-0707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (transfer was appropriate where "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underlying litigation"). *Second*, DHS will suffer no additional burden or cost to file its opposition to this motion in the Eastern District of Pennsylvania as opposed to the District of Columbia (particularly given Judge's Bartle practice to hold a number of proceedings by telephone). *Third*, other considerations weigh in favor of transfer, because the

subpoena in this case was issued by the Court on a finding of good cause rather than by Plaintiff's counsel. Downes Decl. Ex. B at ¶ 2. This creates a risk of conflicting court rulings on the relevance and proportionality of the discovery sought, should this Court disagree. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (holding that the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes"). Because the District Court in the Eastern District of Pennsylvania issued the subpoena, it is better positioned to resolve this dispute "in light of its history and familiarity with the parties and the issues underlying the subpoena dispute." *Honeywell*, 2022 WL 43494, at *4.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to compel or, alternatively, transfer this subpoena enforcement action to the Eastern District of Pennsylvania for further proceedings.

Dated: October 11, 2022

Respectfully submitted,

/s/ Colin M. Downes

Colin M. Downes (DC Bar 1048761)
R. Joseph Barton (DC Bar 476510)
BLOCK & LEVITON LLP
1633 Connecticut Ave, NW, Ste. 200
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockleviton.com
colin@blockleviton.com

*Attorneys for Plaintiff and the Class*

## RULE 37(a)(1) CERTIFICATE

I certify that I attempted in good faith to meet and confer with counsel for the United States Department of Homeland Security in an effort to obtain the discovery sought by this motion without court action. Despite repeated attempts to contact counsel for the United States Department of Homeland Security I have received no response and have been unable to confer with opposing counsel.

DATE: October 11, 2022

Colin M. Downes
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
colin@blockleviton.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2022, a copy of the foregoing Motion to Compel was served on counsel for AAG and American Airlines via email pursuant to a stipulation for electronic service between the parties.

DATE: October 11, 2022

Colin M. Downes
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
colin@blockleviton.com